UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07556-RGK-AS | Date | October 31, 2023 |
|---|---|---|---|
| Title | *Jorge Israel Zuniga v. Wells Fargo Bank, N.A. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 9] and Plaintiff's Motion to Remand [DE 24]

## I.   INTRODUCTION

On May 2, 2023, Jorge Israel Zuniga ("Plaintiff") filed a Complaint against Wells Fargo Bank, N.A. ("WFB" or "Defendant") and Michael Ramos in Los Angeles County Superior Court. (ECF No. 1-4.) Plaintiff asserted state law claims for: (1) whistleblower retaliation and (2) unfair business practices under the Unfair Competition Law ("UCL"). Defendant removed the case on the basis of diversity jurisdiction. Presently before the Court is Defendant's Motion to Dismiss. (ECF No. 9.) For the following reasons, the Court **GRANTS** the Motion.

## II.   FACTUAL BACKGROUND

### A.   Procedural History

Plaintiff has filed two complaints against Defendant this year. On February 6, 2023, Plaintiff filed his first complaint against Defendant in Los Angeles County Superior Court. (ECF No. 1-1.) Plaintiff asserted a claim for wrongful termination in violation of public policy, as well as four related claims under California Government Code Section 12940(a). Defendant removed the case to federal court on the basis of diversity jurisdiction. (ECF No. 1-2.) On June 5, 2023, the parties filed a joint stipulation to dismiss the case pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(ii). (ECF No. 1-3.)

Meanwhile, on May 2, 2023, Plaintiff filed the instant Complaint against Defendant and Michael Ramos. Once again, Defendant removed the case on the basis of diversity jurisdiction. In its notice of removal, Defendant asserted that Ramos was a sham defendant who had been added to the Complaint

UNITED STATES DISTRICT COURT  NO JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07556-RGK-AS | Date | October 31, 2023 |
|---|---|---|---|
| Title | *Jorge Israel Zuniga v. Wells Fargo Bank, N.A. et al* | | |

only to defeat removal. Ramos was not timely served, and on September 26, 2023, the Court dismissed him for lack of prosecution. (ECF No. 19.)[1]

### B. Factual Allegations

Plaintiff alleges the following:

In March 2003, Plaintiff began working for Defendant as a customer service representative. Around August 2004, Plaintiff took on a new role at WFB. In this role, he was expected to sell products and services to customers.

Beginning in 2014, Plaintiff encountered difficulties at work and made numerous complaints through Defendant's "Employee Confidential Line," as well as to his supervisors and Defendant's human resources department. In these complaints, Plaintiff reported that his managers set unrealistic sales goals that could only be met by engaging in unethical, fraudulent, and illegal conduct. Plaintiff also complained that he had endured threats, shaming, intimidation, and extreme pressure to meet the unrealistic sales goals. Plaintiff's supervisors retaliated against him because of these complaints, which resulted in Plaintiff taking a leave of absence.

Plaintiff applied for at least sixty other positions within WFB so that he could escape his toxic and hostile work environment. His applications were denied. Around October 2019, Plaintiff requested a second leave of absence. Defendant denied the request. Plaintiff's employment was "constructively terminated" on October 25, 2019.

### III. JUDICIAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare

---

[1] The Court has considered Plaintiff's Motion to Remand. (ECF No. 24.) Defendant has demonstrated that the requirements for diversity jurisdiction are satisfied. Accordingly, the Court **DENIES** the Motion.

UNITED STATES DISTRICT COURT NO JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07556-RGK-AS | Date | October 31, 2023 |
|---|---|---|---|
| Title | *Jorge Israel Zuniga v. Wells Fargo Bank, N.A. et al* | | |

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**IV. DISCUSSION**

Plaintiff asserts claims for (1) whistleblower retaliation and (2) unfair business practices under the UCL. The Court addresses each in turn.

 **A. Whistleblower Retaliation**

California Labor Code Section 1102.5 prohibits retaliation against employees for disclosing information if the employee "has reasonable cause to believe that the information discloses" unlawful conduct. Cal. Lab. Code § 1102.5(b). Because Section 1102.5(f) authorizes a civil penalty, the statute of limitations to bring a whistleblower retaliation claim is either one or three years, depending on the relief sought. *See* Cal. Civ. Proc. Code § 338(a) (providing a three-year limitations period for "[a]n action upon a liability created by statute, other than a penalty or forfeiture"); *see also id.* § 340 (providing a one-year limitations period for "[a]n action upon a statute for a penalty").

Whether the statute of limitations is one or three years is of no consequence here, because the Complaint is untimely in either instance. Plaintiff's claim accrued on October 25, 2019—the day his employment ended. A three-year limitations period would ordinarily expire on October 25, 2022. But here, the statute of limitations was tolled for approximately six months due to the COVID-19 pandemic. (*See* Dodds Decl., Ex. A, ECF No. 20-2 (showing that under California's emergency COVID-19 rules, the statute of limitations for civil actions was tolled from April 6, 2020 until October 1, 2020).) Therefore, California's emergency rules extended the limitations period to approximately April 25, 2023. Plaintiff's claim, filed on May 2, 2023, is untimely. Accordingly, the Court **GRANTS** the Motion with respect to the whistleblower retaliation claim.

Plaintiff requests leave to amend his Complaint if it is deemed insufficient. Leave to amend should be granted "absent a clear showing that amendment would be futile." *Nat'l Council of La Raza v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07556-RGK-AS | Date | October 31, 2023 |
|---|---|---|---|
| Title | *Jorge Israel Zuniga v. Wells Fargo Bank, N.A. et al* | | |

*Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). Amendment is futile here because the claim is time barred. Accordingly, the whistleblower retaliation claim is dismissed **with prejudice**.

### B. Unfair Competition Law

The UCL prohibits businesses from engaging in "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Any "person who has suffered injury in fact and has lost money or property as a result of the unfair competition" may sue under the UCL. *Id.* § 17204. The limitations period for UCL claims is four years. *Id.* § 17208.

Despite the broad scope of the UCL, a plaintiff's remedies under the statute "are generally limited to injunctive relief and restitution."[2] *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). Restitution requires "a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." *Id.* at 1144–45 (quoting *Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal. 4th 116, 126–27 (2000)).

Here, Plaintiff appears to allege that he was deprived of the opportunity of future employment. But the prospect of future earnings is insufficient to establish entitlement to restitution. *See id.* at 1149–50 (reasoning that a plaintiff would be entitled to restitution for unpaid earned wages, but that restitution would not be proper if a plaintiff had a mere "expectancy" in future profits). Therefore, Plaintiff has failed to plead that he is entitled to restitution under the UCL.

Similarly, Plaintiff fails to demonstrate that he is entitled to injunctive relief. Injunctive relief is appropriate "when pecuniary compensation would not afford adequate relief." Cal. Civ. Proc. Code § 526(a)(4). Plaintiff does not plead any facts that indicate his alleged injuries could not be redressed by pecuniary compensation.

Given the procedural history of this case and Plaintiff's sparse opposition to this Motion, the Court is skeptical that Plaintiff can truthfully allege a violation of the UCL. Nevertheless, the Court grants Plaintiff leave to amend because it is possible that additional factual allegations could cure the Complaint's deficiencies. *See Nat'l Council of La Raza*, 800 F.3d at 1041 (holding that leave to amend should be granted absent a clear showing of futility). Accordingly, the Court **GRANTS** the Motion and

---

[2] Plaintiff seeks "restitution by disgorgement of the profits which Defendant[] ha[s] acquired" as a result of its allegedly unlawful business practices. (Compl. ¶ 49.) Because the California Supreme Court has held that nonrestitutionary disgorgement of profits is not a proper remedy under the UCL, seeking this relief is plainly inappropriate. *Korea Supply Co v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1147 (2003).

UNITED STATES DISTRICT COURT  NO JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07556-RGK-AS | Date | October 31, 2023 |
|---|---|---|---|
| Title | *Jorge Israel Zuniga v. Wells Fargo Bank, N.A. et al* | | |

dismisses the UCL claim without prejudice. Plaintiff **may file an amended complaint within fourteen days of this Order's issuance**.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss. Plaintiff's whistleblower retaliation claim is **dismissed with prejudice**. Plaintiff's UCL claim is **dismissed without prejudice**. If Plaintiff does not file an amended complaint **within fourteen days of this Order's issuance**, this action shall be dismissed in its entirety. Finally, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Initials of Preparer    :    JRE/ak